IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHAD SCANTLIN and<br>TAWNA SCANTLIN,<br><br>        Plaintiffs,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. CIV-22-926-R<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is the Motion to Dismiss (Doc. No. 13) filed by Defendant State Farm. Plaintiffs responded in opposition to the motion (Doc. No. 15) and Defendant filed a Reply in support of its position. (Doc. No. 16). Upon consideration of the parties' submissions, the Court finds as follows.

A motion to dismiss based on Rule 12(b)(6) will be granted if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the nonmoving party. *S.E.C. v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not be accepted as true by the court. Id.

Plaintiffs filed this action in the District Court of Kay County alleging breach of contract and breach of the duty of good faith and fair dealing by State Farm with regard to damage to their property allegedly resulting from an October 10, 2021 storm. Defendant contends that Plaintiff's bad faith claim is subject to dismissal because the allegations in the Petition are conclusory and provide no factual basis for their claim.

> 7. State Farm has failed and refused to pay the full benefits necessary to repair the Property, has failed to pay to repair or replace those items which were specifically damaged as a result of this loss, has substantively denied specific and explicit coverage provisions of the Policy, refused to comply with statutory law and policy provisions and violated the duty of good faith and fair dealing.
>
> 8. Plaintiff was damaged in an amount in excess of $69,556.80 for the actual damages to their dwelling caused by the wind and hailstorm.
>
> 9. Given the circumstances in the instant case, State Farm acted unreasonably and in bad faith in the handling and subsequent denial/underpayment of Plaintiffs' claim.

Plaintiff contends these allegations are sufficient to state a claim for bad faith, arguing that the Petition alleges that "State Farm acted unreasonably and in bad faith in the handling and subsequent denial/underpayment of Plaintiff's claims." (Doc. No. 15, p. 4). The Court disagrees with Plaintiffs' assessment. They do not allege how State Farm acted in bad faith and the failure to pay the demanded amount is not, without more, tantamount to bad faith. Pleading in paragraph 9 "given the circumstances" without providing any facts to describe those circumstances leaves it unclear how State Farm allegedly acted in bad faith. Plaintiff does not identify particular statutory or policy provisions that State Farm allegedly violated as set forth in paragraph 7 of the Petition. In short, the Petition contains

no non-conclusory factual allegations to support a bad faith claim beyond the allegation that State Farm did not pay $69,556.80, the alleged extent of the damages incurred by Plaintiffs. Accordingly, Defendant's Motion to Dismiss is well taken and therefore GRANTED.

Within the response to the motion Plaintiff states "if the Court finds that Defendant's Motion has any merit, the Plaintiffs request an opportunity to amend to cure any pleading defects." (Doc. No. 15, p. 4). Plaintiffs may seek leave to amend in accordance with Federal Rule of Civil Procedure 15 and the relevant Local Civil Rules. *See e.g. Brooks v. Meritor Worldwide LLC*, 985 F.3d 1272, 1282-83 (10th Cir. 2021).

For the reasons set forth herein, Defendant's Motion to Dismiss is GRANTED and Plaintiff's claim for bad faith is hereby dismissed.[1]

**IT IS SO ORDERED** this 17th day of January 2023.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Defendant's motion included a separate request that the Court dismiss Plaintiff's request for punitive damages. The Court need not address the issue in light of the dismissal of the claim for bad faith because punitive damages are not available in an action for breach of contract.